IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **WOLVERINE BARCODE IP, LLC,**<br>*Plaintiff,* | § § § § § § § § § | |
| v. | | MO:24-CV-00308-DC |
| **CVS PHARMACY, INC.,**<br>*Defendant.* | | |

## ORDER DISMISSING FOR WANT OF PROSECUTION

Plaintiff filed its complaint on November 27, 2024. (Doc. 1). Since filing the complaint, there has been no indication that Plaintiff timely served Defendant with its complaint and the summons. Noting Plaintiff's lack of action to advance this case, the Court issued an order clarifying that the Court's records indicate the Complaint remains pending without proof of service of process upon or response of Defendant (Doc. 8). In that order, the Court ordered Plaintiff to file with the Clerk of this Court proof of service upon Defendant no later than Friday, March 21, 2025. (*Id.*) The Court noted that failure to respond or to explain why service has not been accomplished would result in the dismissal of the complaint as to the Defendant(s) for whom proof of service is not filed, for failure of plaintiff to prosecute or to comply, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*) Federal courts have the authority to dismiss a complaint for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). Given that Plaintiff has failed to provide proof of such service, the Court finds that

there is a clear record of inaction and nonresponsiveness that justifies dismissing this action for want of prosecution.

Accordingly, **IT IS ORDERED** that Plaintiff's claims against Defendant in this action are **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

SIGNED this 8th day of April, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE